IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Fermin Antonio Ramos Rodriguez | : 26-430 |
| *Petitioner* | : |
| v. | : |
| J.L. Jamison, et al. | : |
| *Respondents* | : |

## ORDER

AND NOW, this 28th day of January 2026, upon consideration of Petitioner's Petition for a Writ of Habeas Corpus (Dkt. 1), Motion for a Temporary Restraining Order (Dkt. 2), Order to Show Cause (Dkt. 3), the Government's Response thereto (Dkt. 4), and the Government's representation that this matter should be resolved expeditiously, without a hearing on the briefs (Dkt. 4 at 5, n. 4) it is hereby ORDERED that the Petition and Motions are GRANTED as follows:

1. The Government shall RELEASE Fermin Antonio Ramos Rodriguez ("Petitioner") from custody immediately and certify compliance with this Court's Order by way of docket entry, no later than Monday, February 2, 2026;

2. Upon release, the Government shall return all of Petitioner's personal belongings, including identification documents;

3. The Government is permanently enjoined from re-detaining Petitioner under 8 U.S.C. § 1225(b)(2);

4. Following his release from custody the Government is temporarily enjoined from re-detaining Petitioner for 7 days under 8 U.S.C. § 1226(a);

5. If the Government chooses to re-detain Petitioner under 8 U.S.C. § 1226(a) after the above mentioned 7-day period, it must provide him with a timely bond hearing so that an appropriate tribunal may assess whether he poses a danger to the community or a flight risk; and

6. In the event of such bond hearing, the Government SHALL NOT remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania. If, after a bond hearing, it is determined that Puentes Cera is a danger to the community or a flight risk and that continued detention is proper, the Government may request permission of the Court to move Puentes Cera if unforeseen or emergency circumstances so require. Any such request must include an explanation for the request as well as the proposed destination.[1]

Petitioner may move to reopen this matter for any violations of this Order.

BY THE COURT:

*[signature]*

GAIL A. WEILHEIMER, J.

---

[1] For the reasons articulated in *Rios Porras v. O'Neill*, No. CV 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (Beetlestone, C.J.), *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.), and *Kashranov v. Jamison*, No. 2:25-CV-05555-JDW, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025) (Wolson, J.), this Court believes immediate release is necessary to ensure the appropriate habeas remedy in this matter. This Court believes a bond hearing would be insufficient to afford Petitioner the proper habeas relief as the Government, having waived oral argument, has presented no rationale for denial of bond in this matter. *Ndiaye*, 2025 WL 3229307, *8 n.5 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.).